**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EVE MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>EZRICARE LLC, et al.,<br><br>Defendants. | Civil Action No. 24-9829 (GC) (RLS)<br><br>**MEMORANDUM OPINION AND ORDER** |

**SINGH, United States Magistrate Judge**.

**PRESENTLY** before the Court is a January 29, 2026 Order to Show Cause, requiring Plaintiff *pro se* Eve Morgan ("Plaintiff") to show cause why the Court should not dismiss this matter pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute (the "Order to Show Cause"). (Doc. No. 21). Plaintiff has responded to the Order to Show Cause, requesting the Court permit this matter to proceed on the merits. (Doc. No. 22). Defendants EzriCare, LLC and EzriRX, LLC (collectively, the "Ezri Defendants") oppose Plaintiff's response and request that the Court dismiss this case pursuant to Federal Rule of Civil Procedure 41(b). (Doc. No. 23). The Court has fully considered the parties' written submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local

Civil Rule 78.1(b). For the reasons set forth below and good cause shown, the Court hereby finds its Order to Show Cause SATISFIED.

## I. BACKGROUND AND PROCEDURAL HISTORY

On October 16, 2024, through previously retained counsel, Plaintiff initiated this action alleging that she suffered injuries from using an EzriCare Artificial Tear product (the "Product") that she claims was adulterated and contaminated with bacteria.[1] (Doc. No. 1 at ¶¶ 1-4). EzriCare, LLC filed an Answer to the Complaint, and EzriRX, LLC sought to move to dismiss the Complaint. (*See* Doc. Nos. 8-9). Through a letter dated March 24, 2025, the parties advised the Court that the Ezri Defendants were engaged in mandatory arbitration regarding insurance coverage for the type of claims asserted by Plaintiff here, the resolution of which could impact this matter. (*See* Doc. No. 13). Accordingly, at the parties' joint request, the Court stayed this action pending the conclusion of the arbitration. (Doc. No. 14 at ECF p. 2).

After a change in the attorney handling this matter on behalf of Plaintiff, the law firm representing Plaintiff sought to withdraw as counsel with notice to Plaintiff. (*See* Doc. No. 17). Counsel reported that a fundamental disagreement existed between counsel and Plaintiff. (Doc. No. 17 at ¶ 3). Plaintiff did not file any timely opposition to the Motion, and the Court granted Plaintiff's counsel's motion to withdraw. (Doc. No. 18). In granting the motion to withdraw, the Court ordered the withdrawing

[1] Plaintiff also named as defendants Global Pharma Healthcare Private Ltd. and Aru Pharma Inc., neither of which have appeared in this matter.

counsel to serve a copy of the Order on Plaintiff and to advise Plaintiff that she must have new counsel enter their appearance or notify the Court if she intended to proceed *pro se* by October 24, 2025. (Doc. No. 18 at p. 3). Plaintiff did not file any response to that Order.

Subsequently, in response to a Text Order requiring a "joint status" report, counsel for the Ezri Defendants electronically filed a letter advising that the arbitration concluded with a finding that the Ezri Defendants did not have additional insurance coverage for Plaintiff's claims beyond an exhausted policy. (Doc. No. 20). The Ezri Defendants also pointed out that Plaintiff had not yet appeared *pro se* or otherwise indicated if she intended to pursue her claims and thus sought leave to move to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Doc. No. 20).

Exercising its discretion, the Court entered the instant Order to Show Cause and directed Plaintiff to explain why the Court should not dismiss the matter for failure to prosecute. (Doc. No. 21). Less than one month later, Plaintiff, appearing *pro se*, timely responded to the Order to Show Cause. (Doc. No. 22). Plaintiff reported that she was unaware of any obligation to participate in the status update, agreed to comply with future deadlines, and requested that the Court permit the case to proceed on its merits. (Doc. No. 22).

The Ezri Defendants oppose Plaintiff's response. (Doc. No. 23). They argue that Plaintiff has not explained why she did not previously attempt to contact them or

take other affirmative acts to move her claims forward following the Court's grant of her prior counsel's withdrawal from this matter. (*See* Doc. No. 23 at ¶ 6). According to the Ezri Defendants, "Plaintiff's claim that she did not know she had to 'participate' in the status report" is insufficient to establish good cause for failing to prosecute her case, following the withdrawal of her prior counsel. (Doc. No. 23 at ¶ 7). For those reasons, the Ezri Defendants request the Court dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (Doc. No. 23 at ¶ 8).

## II. LEGAL STANDARD

If a plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or the Court's orders, "a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). The Court's authority to involuntarily dismiss cases for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30. Unless otherwise stated in the dismissal order, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

In determining whether to dismiss a case with prejudice pursuant to Rule 41(b), courts in this Circuit typically consider the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *See Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868). These factors include: (1) the extent

of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the party or their attorney's conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. Not one factor alone is dispositive, and not all factors must be satisfied to justify dismissal. *Hildebrand*, 923 F.3d at 132. Nevertheless, the record must support the findings as to each factor. *Id.*

However, dismissals with prejudice are "an 'extreme' sanction" because courts prefer matters to be resolved on the merits. *Id.* (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)); *see also Poulis*, 747 F.2d at 866 ("[D]ismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff."). Ultimately, whether to dismiss claims under Rule 41(b) lies within the Court's sound discretion with consideration given to the parties' circumstances. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

## III. DISCUSSION

Here, although the Ezri Defendants seek the Court to dismiss Plaintiff's claims for failure to prosecute, they do not offer any analysis under the *Poulis* factors, notwithstanding the opportunity to do so. (*See* Doc. No. 23); *see Briscoe v. Klaus*, 538 F.3d 252, 264 (3d Cir. 2008) ("[W]e hold that where, as here, the District Court does

not have the facts necessary to conduct a full analysis of the *Poulis* factors, it is not appropriate for the District Court to dismiss a plaintiff's case sua sponte.").

Nevertheless, even a cursory review of the facts and procedural history of this matter reveals that the *Poulis* factors weigh against dismissing Plaintiff's case. Here, Plaintiff—newly appearing *pro se*—timely responded to the Court's Order to Show Cause and expressed her misunderstanding as to her obligations to join in a status letter to the Court. Plaintiff has not established a history of dilatoriness or willful disregard for the Court's orders. Notably, it is not clear that Plaintiff herself ever received a copy of the Court's January 8, 2026 Text Order requiring the submission of a joint status letter. Nor is it evident from the record that Plaintiff was generally aware that the arbitration had concluded such that this matter would no longer be stayed. While the Ezri Defendants assert that Plaintiff did not make efforts to contact their counsel, counsel for the Ezri Defendants offer no indication that they attempted to reach out to Plaintiff, who was presumptively appearing *pro se*. Moreover, because this matter has been stayed pending the arbitration involving the Ezri Defendants, minimal prejudice to Defendants results from the delay in Plaintiff's appearance following the withdrawal of her counsel. These circumstances do not justify imposition of the harsh remedy of dismissal for failure to prosecute. *Cf., e.g.*, *Emerson v. Thiel College*, 296 F.3d 184, 190-91 (3d Cir. 2002) (finding *Poulis* factors weighed in favor of dismissing for failure to prosecute or comply with Court orders where *pro se* plaintiff had willfully and repeatedly failed to comply with court orders and the resultant delays prejudiced the defendant);

*Higgs v. Lanigan*, No. 18-8087, 2023 WL 5623924, at *4 (D.N.J. Aug. 31, 2023) (dismissing claims brought by a *pro se* litigant for failure to prosecute where the plaintiff's inaction caused delays of approximately four years and the plaintiff had a history of dilatoriness in other litigation).

Because dismissal is an extreme remedy, and considering Plaintiff's *pro se* status, as well as the Court's preference to permit matters to proceed on the merits, the Court hereby deems the Order to Show Cause satisfied and denies the Ezri Defendants' request to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION AND ORDER

Where Plaintiff proceeding *pro se* has timely responded to the Court's Order to Show Cause and has committed to comply with future deadlines, the Court finds no basis to dismiss this action for failure to prosecute. Accordingly, for the reasons set forth above and for good cause shown,

**IT IS**, **THEREFORE**, on this **23d** day of **September 2026** hereby

**ORDERED** that the January 21, 2026 Order to Show Cause is hereby satisfied; and it is further

**ORDERED** that the parties shall meet and confer and submit a proposed schedule for further proceedings by October 9, 2026; and it is further

**ORDERED** that the Clerk of the Court shall TERMINATE the informal motion pending at Docket Entry Number 22.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**